UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARUM DARWISH,<br><br>    Plaintiff,<br><br>v.<br><br>UNION COUNTY COLLEGE and<br>LOUIS SCALA,<br><br>    Defendants. | Civil Action No.<br><br>19-9624 (SDW) (LDW)<br><br>**REPORT & RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

This matter, having been opened by the Court *sua sponte* based on plaintiff Marum Darwish's failure to comply with this Court's Orders and prosecute her case; and plaintiff having failed to respond to the Order to Show Cause issued by this Court on October 20, 2020 (ECF No. 35); it is respectfully recommended that plaintiff's case be dismissed.

**BACKGROUND**

In April 2019, plaintiff Marum Darwish filed a Complaint alleging she suffered discrimination on the basis of creed and national origin when she was removed from an academic exam administered by defendants Union County College and Louis Scala. (ECF No. 1). Plaintiff has a lengthy history of dilatoriness and noncompliance in this action. Despite multiple extensions from the Court, plaintiff has failed to respond adequately to defendants' first set of interrogatories or document requests that have been overdue since March 4, 2020, propound written discovery, or otherwise comply with her basic discovery obligations such that this matter can move forward. In addition, plaintiff has failed to appear for multiple telephonic conferences before the undersigned. This Court's October 20, 2020 Order to Show Cause directed plaintiff to show cause in writing

why this case should not be dismissed for failure to prosecute by specifying: (1) why plaintiff has failed to come into compliance with her basic discovery obligations despite numerous extensions and directives to do so; (2) an explanation of counsel's failure to appear for the October 14, 2020 conference and; (3) why this case should be not be dismissed for failure to prosecute. (ECF No. 35). The Court also directed plaintiff's counsel to serve copies of the Order to Show Cause upon plaintiff and file proof of service on the docket. Nothing has been filed in response to the Order to Show Cause nor has proof of service been filed.

## ANALYSIS

The Federal Rules of Civil Procedure authorize the Court to impose sanctions for failure to respond to Orders and for failure to prosecute a case. See Fed. R. Civ. P. 37(b)(2), 41(b). In both instances, dismissal may be an appropriate penalty. *Id.*

In *Poulis v. State Farm Casualty Co.*, 747 F.2d at 863 (3d Cir. 1984) the Third Circuit identified six factors that courts should balance when deciding whether to impose an involuntary order of dismissal. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868. No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. See *Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a Court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Fed. R. Civ. P. 41(b). See *Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

**1. Plaintiff's Personal Responsibility.** In this case, it appears that plaintiff is responsible for her failure to produce discovery and prosecute her case, as it appears plaintiff has lost interest in this matter.

**2. Prejudice to Defendants.** Plaintiff's refusal to participate in this case and to comply with this Court's orders has prejudiced defendants by forcing them to continue defending a matter against an absentee plaintiff who appears to have no interest in pursuing her own claims.

**3. History of Dilatoriness.** Plaintiff repeatedly has failed to appear or otherwise respond to the Court's orders, and thus has demonstrated a history of dilatoriness. Moreover, according to counsel, plaintiff has been unresponsive to requests for communication.

**4. Willfulness or Bad Faith.** Having no information about the reasons for plaintiff's unresponsiveness, the Court cannot assess the willfulness of plaintiff's conduct or conclude whether it was undertaken in bad faith. The circumstances taken as a whole, however, suggest that plaintiff has abandoned this matter.

**5. Effectiveness of Alternative Sanctions.** The record of unresponsiveness suggests that alternative sanctions would be futile. Despite numerous opportunities to appear or provide a position to the Court, and despite this Court's warning of the consequences of continued inaction, plaintiff has failed to respond to Court orders and prosecute this case. The Court has been unable to move this action forward. On these facts, no lesser sanction would be effective.

**6. Meritoriousness of the Claims.** Given that plaintiff became unresponsive at a preliminary stage of this action, the Court is unable to determine the potential merit of plaintiff's claims. The Court, therefore, declines to consider this factor in its recommendation.

In sum, plaintiff has ignored multiple Court orders, including an Order to Show Cause why this case should not be dismissed, which demonstrates a pattern of non-compliance and

dilatoriness. It appears that plaintiff has elected to abandon the case she initiated. On balance, the *Poulis* factors weigh in favor of recommending dismissal of this action.

## CONCLUSION

For the reasons stated above, this Court respectfully recommends that plaintiff's Complaint be **DISMISSED** pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and 41(b). The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).

Dated: November 16, 2020

                                        *s/ Leda Dunn Wettre*
                                        Hon. Leda Dunn Wettre
                                        United States Magistrate Judge